UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| IN RE:<br>AURORA ROSA,<br><br>　　　　　　Debtor, | Chapter 11 Proceeding |
| AURORA ROSA<br><br>　　　　　　Plaintiff, | Case No. 12-32278-(LMW) |
| v. | Docket I.D. #: 92 |
| TISSA FUNDING,<br><br>　　　　　　Defendant, | June 18, 2013 |

**DEFENDANT'S OBJECTION TO MOTION FOR VIOLATION OF AUTOMATIC STAY AND CREDITOR MISCONDUCT AND COUNTERMOTION FOR SANCTIONS**

This Memorandum of Law is submitted by the Defendant, Tissa CT Corp ("Tissa" or "Defendant"), in opposition to Plaintiff Aurora Rosa's ("Plaintiff") Motion for Violation of Automatic Stay and Creditor Misconduct.

## INTRODUCTION

The Plaintiff's present Motion for Violation of the Automatic Stay (the "Motion") has been filed by Plaintiff notwithstanding prior motion practice in Connecticut Superior Court, Litchfield. The arguments presented in Plaintiff's Motion for Violation of Automatic Stay and Creditor Misconduct have been fully briefed in the State Superior Court and Plaintiff's counsel has been made fully aware of Defendant's understanding as to the law and facts in this matter. Attached as Exhibit "A", Exhibit "B", and Exhibit "C" are Defendant's Memoranda of Law in opposition to similar Motions filed by Plaintiff in state court which clearly inform Plaintiff of the

controlling law on the issues presented herein. Despite its full awareness of the applicable law, Plaintiff's present Motion, which makes reference to absolutely no legal authority whatsoever, is ripe with legal and factual misrepresentations.

The relevant facts of the state court foreclosure action against Winchester Estates, LLC, and Winchester's Highland Ridge Estates, LLC are as follows:

1. The foreclosure action was commenced on August 3, 2009 in the Connecticut Superior Court for the District of Litchfield to foreclose two commercial mortgages against properties owned by Winchester Estates, LLC and Winchester's Highland Ridge Estates, LLC (the "Properties")[1].

2. On or about December 1, 2012, Judge Pickard of the Litchfield Superior Court entered an Order for Judgment of Strict Foreclosure against Winchester Estates, LLC and Winchester's Highland Ridge Estates, LLC. Title to the Properties vested in Tissa on the date of the Judgment, subject only to Winchester Estates, LLC and Winchester's Highland Ridge Estates, LLC's right of redemption. The Judgment set a law date of March 19, 2012.

3. On or about March 16, 2012, Winchester Estates, LLC and Winchester's Highland Ridge Estates, LLC filed chapter 13 bankruptcy petitions in this Court, and on or about August 10, 2012, this Court granted Tissa's Motion for relief from the stay imposed by 13 U.S.C. §362(a) and permitted the Tissa to complete its foreclosure against the Properties of the LLCs. Thereafter, due to the LLCs' bankruptcy filings, and upon Motion of Tisas CT Corp. to reset the law date, Judge Pickard set a new law date of November 19, 2012.

4. On or about October 8, 2012, Plantiff, Aurora Rosa, filed the present Chapter 11 bankruptcy petition. Although such petition may have stayed the actions of creditors seeking to seize property of Plaintiff's estate, it did not stay the actions of creditors seeking to foreclose

---
[1] The Properties were not the property of Plaintiff or her bankruptcy estate.

assets which are not property of Plaintiff or her estate. Most notably, Plaintiff did not see move this court to stay the passage of the law date.

5. On or about November 20, 2012, upon passage of the new law date and without any affirmative act being taken by the Defendant, title to the Properties previously owned by the LLCs vested absolutely in the Defendant.

6. On or about December 4, 2012, the Defendant Tissa CT Corp. filed a Motion for Deficiency Judgment against all guarantors of the note which was secured by the aforementioned mortgages. Such Motion for Deficiency Judgment, however, explicitly excluded the Plaintiff and any other parties who may file bankruptcy petitions. Specifically, the Motion (attached as Exhibit "D") stated, at paragraph 10: "The Plaintiff does not hereby seek any deficiency against any person whose obligation under the subject promissory note and guaranty has been heretofore or hereafter discharged in bankruptcy or against any person protected by any stay which may be imposed herein." Contrary to the Plaintiff's unsupported allegations, the Defendant herein has not pursued any collection action against the Plaintiff or her bankruptcy estate.

7. No disposition has been rendered as to the Defendant's Motion for Deficiency Judgment due, in part, to the Plaintiff's continued legal misrepresentation and frivolous motion practice in state court. Indeed, the Plaintiff's incessant distortion of the law and the facts is aimed at nothing more than disturbing the legitimate foreclosure process in state court.

For the above reasons and the reasons stated in more detail below, the Defendant prays that this Court deny Plaintiff's Motion for Violation of the Automatic Stay. Moreover, due to the patently frivolous nature of this Motion and the complete absence of any supporting law whatsoever, the Defendant requests that the Court impose sanctions and award Defendant reasonable attorney's fees for the costs of defending the Motion.

## ARGUMENT

The Plaintiff's allegation that, pursuant to 11 U.S.C. §362, her filing of a Chapter 11 bankruptcy petition automatically stayed the foreclosure and passing of the Law Date on the Properties is without merit. See FDIC v. Howard Shoreline Assoc's., 183 B.R. 33 (1995). Indeed, there has been no violation of any 11 U.S.C.A. § 362 stay in this instance since no stay has been imposed on the foreclosure of the Properties previously owned not by the Plaintiff, but by Winchester Estates, LLC and Winchester's Highland Ridge Estates, LLC. Accordingly, title to the foreclosed properties has properly vested in Tissa and Plaintiff's Motion must be denied. Moreover, given the frivolous nature of the Plaintiff's Motion, the Defendant should be awarded reasonable attorney's fees for the costs that it was forced to bear by opposing such Motion.

**I.    The Plaintiff's Motion must be dismissed since (1) the foreclosed Properties are not properties of the Plaintiff's bankruptcy estate; and (2) no "act" was performed which violated any stay imposed by 11 U.S.C.A. § 362.**

The filing of a bankruptcy petition may operate as a stay of "any *act* to obtain possession of the ***property of the estate***." 11 U.S.C.A. § 326(a) (emphasis added). The foreclosed Properties at issue here were **not** Plaintiff's property, however, nor were they property of her bankruptcy estate. Neither was any act performed to obtain possession of the foreclosed properties after Plaintiff's bankruptcy petition was filed. Accordingly, no stay was imposed by 11 U.S.C.A. § 326(a) and no violation of such stay occurred. The Plaintiff's Motion must therefore be dismissed.

**a.    The foreclosed properties are not part of the Plaintiff's Bankruptcy estate and the filing of the Plaintiff's bankruptcy petition therefore does not invoke the automatic stay of 11 U.S.C. § 362.**

No stay was imposed by 11 U.S.C.A. § 362 as to the foreclosure of Properties of Winchester Estates, LLC and Winchester's Highland Ridge Estates, LLC. The foreclosed

Properties were not properties of the Plaintiff or her bankruptcy estate and therefore not subject to any stay imposed as a result of her filing a bankruptcy petition. 11 U.S.C. § 362; see also FDIC v. Howard Shoreline Assoc's., 183 B.R. 33 (Bankr. D. Conn. 1995).

Pursuant to the laws of the State of Connecticut[2], the assets of a limited liability company are separate and distinct from those of its members. See Litchfield Asset Management Corp. v. Howell, 70 Conn.App. 133, 147 (2002) (cert. denied, 261 Conn. 911).
A limited liability company is a distinct legal entity whose existence is separate from its members. Id. Property which is acquired by a limited liability company is only property of the limited liability company and not property of the individual members. See C.G.S.A. § 34-167(a). A member has absolutely no interest in specific limited liability company property. Id. This is the case despite the member's percentage of ownership in the limited liability company. See generally Reid v. Town of Hebron Conservation Com'n, 18 Conn. L. Rptr. 100, 1996 WL 634254 (Conn. Super. Ct. 1996). The real property of a limited liability company of which the Plaintiff is a member shall not, therefore, be considered property of her bankruptcy estate. See In re Abbot, 2010 WL 1257500 (Bankr. D. Conn. 2010) (holding that, "[u]nder the Connecticut statutes establishing limited liability companies, it is clear that while the Debtor's membership interest in the business was property of the Debtor, and consequently of his estate, property of the business is neither the debtor's property nor property of his estate. See also In re Hudgins, 153 B.R. 441, 445 (Bankr. E. D. Va. 1993) (holding, similarly, that a partner's alleged 'rights' in a specific partnership property has been uniformly held not to constitute a legal or equitable

---

[2] Bankruptcy Courts are bound by state law with respect to property interests. See Butner v. U.S., 440 U.S. 48, 53 (1979), which held that: "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy." (citing Lewis v. Manufacturers National Bank, 364 U.S. 603, 609).

interest in property for the purposes of bankruptcy law); In re Palumbo, 154 B.R. 357, 358 (Bankr. S.D. Fl. 1992) (holding that since a partnership is a distinct and separate entity from its partners, the assets of a partnership are not to be administered as part of the partner's bankruptcy case).

In the instant case, the foreclosed Properties were owned by two limited liability companies of which the Plaintiff was simply a member. The Plaintiff had a mere derivative interest in the foreclosed Properties which did **not** constitute a specific, personal interest which would make them a part of her estate. See Howard Shoreline Assoc's., 183 B.R. at 36. The Court in Howard Shoreline Assoc's. expressly reasoned that, under Connecticut law, upon expiration of the redemption period, title will vest in the mortgagee despite the intervening bankruptcy of a member of the entity being foreclosed upon. See id. at 36; See also Geris v. Peoples Nat'l Bank (In re Geris), 973 F.2d 318, 321 (4th Cir. 1992). Therefore, since the foreclosed Properties were not a part of the Plaintiff's bankruptcy estate, her filing of a Chapter 11 Petition had no bearing or affect on the foreclosure of Properties previously owned by Winchester Estates, LLC and Winchester's Highland Ridge Estates, LLC.

Furthermore, the Appellate Court of Connecticut has held that "[a]s a general rule, the filing of a ... bankruptcy petition does not enjoin litigation against nondebtors." Burritt Interfinancial Bancorporation v. Wood, 33 Conn.App. 401, 404 (1994). Indeed, "[i]t is well established that a case against a bankrupt debtor and a nonbankrupt debtor, although stayed against the bankrupt debtor, may nevertheless proceed." Id. The bankruptcy filing by the Plaintiff therefore does not act as a stay of the foreclosure or deficiency against the other debtors herein. Accordingly, no stay was imposed as to the foreclosure or the passing of the law days and the Plaintiff's Motion must be denied.

### b.    No "act" was performed to obtain possession of the foreclosed properties after the Plaintiff's bankruptcy petition was filed.

Pursuant to 11 U.S.C. § 362, the filing of a bankruptcy petition only acts as a stay of "any *act* to obtain possession of the property of the estate..." 11 U.S.C. § 362; see also Howard Shoreline Assoc's., 183 B.R. at 35 (emphasis added). We repeat that the properties of Winchester Estates, LLC and Winchester's Highland Ridge estates, LLC are not property of the Plaintiff or her bankruptcy estate. Nevertheless, in response to the Plaintiff's Motion, no stay imposed by 11 U.S.C.A. § 362 was violated since Tissa did not perform any act to obtain possession of the foreclosed properties. Id.

Courts around the country have recognized that the passage of law days does not constitute a legal 'act' or 'proceeding' within the meaning of § 362(a)(1)—(8). In re Petersen, 42 B.R. 39, 40 (Bankr. D. Oreg. 1984). The Peterson court recognized that this was the case across the jurisdictions. Id. Since title to property strictly foreclosed vests in the mortgagee on the date of judgment subject to redemption. The acquisition of clear title to such property, therefore, results solely from the passage of time and since 11 U.S.C.A. § 362 evokes the requirement of a positive legal step, Section 362 will not operate to toll the running of a redemption period created by state law in connection with a mortgage foreclosure. Id.; Howard Shoreline Assoc's., 183 B.R. at 35 (citing Johnson v. First Nat'l Bank of Montevideo, 719 F.2d 270 (8th Cir. 1983) cert. denied, 465 U.S. 1012 (1984)).

Here, title vested in Tissa subject to the right of redemption prior to the Plaintiff's filing of her bankruptcy petition. Thereafter the Plaintiff's right of redemption was extinguished by the mere passage of time and without any proceeding or other action having been taken on the part of Tissa. All that was required for acquisition of title and extinguishment of the right of

redemption was the passage of time. This mere passage of time, therefore, did not constitute an "act" as contemplated and required by 11 U.S.C.A. § 362. Howard Shoreline Assoc's., 183 B.R. at 35; In re Petersen, 42 B.R. at 40. Accordingly, contrary to the baseless allegations of the Plaintiff, the passage of the law days and extinguishment of the right of redemption was not stayed by 11 U.S.C.A. § 362 upon the filing of the Plaintiff's Chapter 11 Petition. The Plaintiff's Motion must therefore be denied.

**II.    The Defendant is entitled to sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 since (1) the Plaintiff's claims are objectively frivolous, and (2) Plaintiff's counsel should have known such claims are frivolous.**

Pursuant to Federal Rule of Bankruptcy Procedure 9011, a party may only submit Motions which "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law..." Rule 9011(b)(2). Motions for sanctions are evaluated pursuant to an objective standard of reasonableness under the circumstances. See In re Garcia, 260 B.R. 622, 633 (2001). This objective standard requires a two-step analysis. See In re Evergreen Sec., Ltd., 384 B.R. 882, 931 (2008). This analysis includes: "whether a party's claims are objectively frivolous in view of the facts and law," and, if they are, "whether the person who signed the pleadings should have been aware that they were frivolous." Id. Rule 9011 "is intended to deter claims with no factual or legal basis at all," and courts should impose Rule 9011 sanctions in instances where the presenter has made factually groundless allegations which offer no cognizable evidence in presented in support. Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995); see also In re Evergreen, supra at 931. Moreover, sanctions are also appropriate in instances where the presenter has "ignored the plain language of the applicable statute," or "deliberately failed to cite controlling authority contrary to

their position." Id. Based upon the foregoing, the Plaintiff's Motion is a prime example of an action warranting sanctions.

### a. Sanctions are warranted since the claims made in the Plaintiff's present Motion are blatantly frivolous.

As stated above, a party may not file a Motion which contains arguments that are not warranted by existing law or a nonfrivolous argument for the extension or change of an existing law. FRBP 9011(b)(2). In the instance where such Motion is not warranted by existing law and where the said Motion does not set forth a nonfrivolous argument for the extension or change of existing law, sanctions are warranted and should be administered by the court. FRBP 9011(c). In the present instance, sanctions should be imposed since the Plaintiff's Motion is clearly frivolous in view of the applicable facts and law. See In re Evergreen, supra at 931.

As stated above, Plaintiff's Motion is premised on the meritless assumption that property of Winchester Estates, LLC and Winchester's Highland Ridge estates, LLC is, for whatever reason, also considered the property of the Plaintiff.[3] This assumption has absolutely no basis in law. Indeed, as briefed in detail above, quite the opposite is the case. See Litchfield Asset Management Corp. v. Howell, 70 Conn.App. 133, 147 (2002) (cert. denied, 261 Conn. 911); C.G.S.A. § 34-167(a); In re Abbot, 2010 WL 1257500 (Bankr. D. Conn. 2010). Connecticut law clearly states that property of a limited liability company is **not** property of the individual members of such limited liability company. Id. Under this reasoning, the Properties previously owned by Winchester Estates, LLC and Winchester's Highland Ridge Estates, LLC are **not** property of the Plaintiff or her bankruptcy estate. Id. Accordingly, in light of the clear

---

[3] As stated above, Plaintiff has failed to cite any authority whatsoever to support this self-serving, conclusory assumption. Such lack of citation is likely due to the fact that there exists no authority which would support such a frivolous notion.

and unambiguous law, the assumption on which the Plaintiff has relied are utterly frivolous and sanctions should be applied.

Moreover, Plaintiff makes addition of unsupported assumptions of law in its Motion which render it frivolous and necessitate the imposition of sanctions. As noted above, Plaintiff baselessly asserts that the passing of a law day without any action taken by the creditor constitutes an act which would violate the automatic stay if such stay were to apply. This assertion by Plaintiff, which is also completely void of any legal citation in support, is absolutely counter to the law on the issue. In re Petersen, 42 B.R. 39, 40 (Bankr. D. Oreg. 1984); Howard Shoreline Assoc's., 183 B.R. at 35 (citing Johnson v. First Nat'l Bank of Montevideo, 719 F.2d 270 (8th Cir. 1983) cert. denied, 465 U.S. 1012 (1984)). To the contrary, the law on this issue, which has actually been cited to by the Defendant, holds that the passage of a law date in a strict foreclosure and the subsequent vesting of absolute title in the creditor does not constitute an act for purposes of 11 U.S.C. 362. Id. Accordingly, the vesting of title in the Defendant herein would not have violated any automatic stay even if such stay actually applied in the instance. Thus, the Plaintiff's assertions are entirely meritless and frivolous and sanctions should therefore be imposed.

      **b.    Sanctions are warranted since the Plaintiff's counsel knew, or should have known, that the claims made in the present Motion are frivolous.**

When a Motion is considered frivolous in nature, sanctions should be imposed when the party filing the Motion knew, or should have known, that the facts and/or law contained therein were frivolous. See In re Evergreen Sec., Ltd., 384 B.R. 882, 931 (2008). This is precisely the case here. To be certain, Plaintiff has received multiple and extensive memoranda from the

Defendant on this issue throughout the litigation in the state foreclosure matter. (See Exhibits A, B, and C). Each of the issues argued herein, have been argued in that court and have been properly served upon the Plaintiff. Despite such knowledge of the actual authority on the issues, however, Plaintiff has carelessly wasted the time and resources of this Court by filing the present Motion. Indeed, the law is clear. It has been clearly briefed by the Defendant. Accordingly, there is no question as to whether Plaintiff should have known that its positions were legally baseless, meritless, and frivolous. Accordingly, sanctions must be imposed.

## CONCLUSION

Wherefore, for all of the foregoing reasons, the Defendant, Tissa CT Corp., respectfully prays that the Court deny the Plaintiff's Motion for Violation of Stay and grant Defendant's Motion for Sanctions.

Dated at Woodbridge, Connecticut on June 18, 2013.

TISSA CT CORP.

By: _____
HARRY SCHOCHAT, ESQ.
Its Attorney
8 Lunar Drive
Woodbridge, CT 06525
203-397-0052

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| IN RE:<br>AURORA ROSA,<br>　　　　Debtor, | Chapter 11 Proceeding |
| AURORA ROSA<br>　　　　Plaintiff, | Case No. 12-32278-(LMW) |
| v. | Docket I.D. #: 92 |
| TISSA FUNDING,<br>　　　　Defendant, | June 18, 2013 |

## ORDER

The undersigned, as counsel for the Defendant. Tissa CT Corp. having come before this Court, it is hereby:

ORDERED, that the Defendant's Objection is hereby sustained and the Movant's Motion for Violation of Automatic Stay and Creditor Misconduct be denied; and,

ORDERED, that the Defendant's Counter-Motion for Sanctions is hereby granted and the Defendant is hereby awarded reasonable costs and attorney's fees incurred in defending Plaintiff's Motion.

Dated: _____, 2013

　　　　　　　　　　　　　　　　　　　Honorable Judge Lorraine Murphy Weil
　　　　　　　　　　　　　　　　　　　Chief U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| IN RE:<br>AURORA ROSA,<br><br>      Debtor, | Chapter 11 Proceeding |
| AURORA ROSA<br><br>      Plaintiff,<br><br>v.<br><br>TISSA FUNDING,<br><br>      Defendant, | Case No. 12-32278-(LMW)<br><br>Docket I.D. #: 92<br><br>June 18, 2013 |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing on this 18th day of June, 2013. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Dated at Woodbridge, Connecticut on June 18, 2013.

                                                          TISSA CT CORP.

                                                          By: _____
                                                              HARRY SCHOCHAT, ESQ.
                                                              Its Attorney
                                                              8 Lunar Drive
                                                               Woodbridge, CT 06525
                                                              203-397-0052